**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTORIA ROWELL,

Plaintiff-Appellant,

v.

SONY PICTURES TELEVISION INC.; et al.,

Defendants-Appellees.

No.    17-55374

D.C. No.
2:15-cv-02442-JAK-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 9, 2018[**]
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and EZRA,[***] District Judge.

Victoria Rowell appeals the district court's dismissal of her retaliation

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

claims brought under 42 U.S.C. § 1981 and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 *et seq.* We review the district court's judgment on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss de novo, *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017), and we affirm.

**1.** Victoria Rowell is an African American actress who appeared on CBS's long-running soap opera, *The Young & the Restless ("Y&R")*, from 1990 through 2007, as Drucilla Barber Winters. During her seventeen-year run on *Y&R*, Rowell advocated for greater opportunities for racial minorities in the television industry and on *Y&R* in particular. Beginning in 2005, Rowell sought opportunities for herself to write and direct episodes of *Y&R*. Appellees, however, denied her requests. In 2007, Rowell left *Y&R* to seek writing opportunities elsewhere, after which she continued advocating for greater minority inclusion in the television industry.

In early 2010, Rowell approached Appellees seeking to be rehired in the role of Drucilla. She received a letter on October 18, 2011 indicating that Appellees would not rehire her. Undeterred, Rowell redoubled her efforts in the summer of 2012. On October 19, 2012, she received an email from Steve Kent, SONY's Senior Vice President, stating that "Bringing back the character of Dru is not a creative direction the show wishes to take." Rowell subsequently commenced her § 1981 and FEHA actions alleging retaliatory failure-to-hire stemming from her

2

diversity advocacy.

**2.** "[Section] 1981 prohibits discrimination in the 'benefits, privileges, terms and conditions' of employment." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(b)). To state a prima facie claim of retaliation under either § 1981 or FEHA, "a plaintiff must prove that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two." *See id.* at 1108; *see also Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354 (2000) ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes.").

Inherent in the standard for retaliatory failure-to-hire is the existence of an open "position" to which the plaintiff applied. *See Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782, 786 (9th Cir. 1986) ("This standard requires a plaintiff to show that the position for which she applied was eliminated or not available to her because of her protected activities."). Rowell did not apply for an open position when she sought to reprise her role as Drucilla on *Y&R*; Drucilla had been written off the show in 2007 and there is no indication that Appellees planned to bring her back. Rowell therefore fails to state a prima facie claim for retaliatory failure-to-hire under either § 1981 or FEHA.

**3.** Rowell nevertheless argues that she has proffered "direct evidence" of discriminatory animus. We have explained that a plaintiff may "proceed by simply

3

producing 'direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer.'" *Surrell*, 518 F.3d at 1105 (quoting *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007)). But we have never suggested that proffering direct evidence alters the character of an "adverse employment action" in a retaliatory failure-to-hire claim. As *Ruggles* and *Guz* make plain, such a claim is premised on an employer's rejection of a candidate *for an open position*. *See Ruggles*, 797 F.2d at 785–86; *Guz*, 24 Cal. 4th at 355. Indeed, it stands to reason that an adverse employment action against a prospective employee arises only if there is employment to be had in the first place. Thus, whatever the substance of Rowell's purported direct evidence, it cannot overcome her failure to satisfy a necessary criterion for stating an actionable retaliatory failure-to-hire claim.[1]

**AFFIRMED.**

---

[1] At any rate, we observe that Rowell's purported direct evidence—statements by four individuals—fails to show that "a discriminatory reason more likely than not motivated" Appellees in declining to re-hire her. *See Surrell*, 518 F.3d at 1105. Only one of the four statements includes even a hint of discriminatory motive, but that statement comes from a journalist paraphrasing a statement by an employee of Appellees, and is therefore likely inadmissible hearsay.